**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LIONEL RUBALCAVA,

                Petitioner - Appellant,

   v.

TOM FELKER, Warden, Warden, High
Desert State Prison, Susanville, California,

                Respondent - Appellee.

No. 10-15791

D.C. No. 4:07-cv-05379-SBA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted June 10, 2013
San Francisco, California

Before: O'SCANNLAIN and HURWITZ, Circuit Judges, and PIERSOL, Senior
District Judge.[**]

    Petitioner Lionel Rubalcava appeals the district court's denial of his petition

for habeas corpus, brought pursuant to 28 U.S.C. § 2254.  He argues that the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for the District of South Dakota, sitting by designation.

California Court of Appeals unreasonably applied *Crawford v. Washington*, 541 U.S. 36 (2004), by rejecting his challenge to testimony at his trial from the state's expert witness.

The state court did not unreasonably apply *Crawford*. There, the court squarely stated that "[t]he [Confrontation] Clause [] does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford*, 541 U.S. at 59 n.9. Here, the statements recounted by the state's expert were not for the purpose of establishing the truth of the matters asserted but rather were only admitted to explain the basis of the expert's opinions—a fact which was explained to the jury at the time and in the jury instructions. *See, e.g.*, Fed. R. Evid. 703 (permitting experts to disclose otherwise inadmissible facts to explain the basis of their opinion if the probative value outweighs the prejudicial effect). Given his admission that he was a gang member, Rubalcava was not prejudiced to the extent that the witness may have repeated the opinions of others as to his membership. In the highly deferential posture demanded by AEDPA, this was not an unreasonable application of *Crawford*.

AFFIRMED.